UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

JOSUE HERNANDEZ,                          §
                                          §
          Plaintiff,                      §
                                          §
VS.                                       §     CIVIL ACTION NO. 2:17-CV-066
                                          §
CITY OF CORPUS CHRISTI, *et al*,          §
                                          §
          Defendants.                     §

## **ORDER**

On July 31, 2018, this Court entered final judgment against Plaintiff.  D.E. 47.  On August 28, 2018, Plaintiff filed his opposed motion for reconsideration (D.E. 48), seeking reconsideration under Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(c). Rule 72 and section 636 have no application to this action in that it was not referred to a magistrate judge.  Rather, this Court entered the summary judgment order that disposed of Plaintiff's claims.

Any post-judgment motion to reconsider, filed within the deadline of Rule 59, will be evaluated under Rule 59.  Otherwise, the more restrictive Rule 60 applies.  *Harcon Barge Co. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 667 (5th Cir. 1986).  Because Plaintiff filed his motion within twenty-eight (28) days of the final judgment, the Court construes the motion as having been brought under Rule 59 as a motion for new trial or to alter or amend the judgment.

Under Rule 59, a party seeking relief from the judgment must raise a "reason for which a rehearing has heretofore been granted in a suit in equity in federal court."  Fed.

R. Civ. P. 59(a)(1)(B).  Such reasons include the verdict being against the weight of the evidence, excessive damages, or other reasons the trial was not fair, such as substantial errors in the admission or rejection of evidence or the giving or refusal of instructions. 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2805 (3d ed. 2012).

Plaintiff's request for relief is based on a misconstruction of the rules of procedure and a contention that this Court's order (D.E. 44) on an unrelated matter created ambiguity with respect to his deadline to respond to summary judgment motions.  He further seeks to advance defenses that are based on evidence that he failed to disclose to opposing parties in discovery.  In fact, Plaintiff's failure to comply with the discovery rules and Defendants' discovery requests resulted in this Court issuing sanctions against Plaintiff.  D.E. 46.

Plaintiff also complains that his counsel needed more time.  He cites the amount of work involved in prosecuting this case (defending against the summary judgment motions), work involved in representing another client in another case, and personal reasons.  Plaintiff's counsel also states difficulties communicating with Plaintiff. However, Plaintiff did not seek relief on those bases prior to the expiration of applicable deadlines or prior to entry of judgment.

Instead, he seeks to be excused from multiple failures to prosecute this action pursuant to the rules of procedure and effectively asks to take over the management of this Court's docket to extend the time for discovery, continue the trial setting for multiple months, have this Court reconsider its order regarding referral to mediation, and to file a

response to the summary judgment motions. A new trial may be granted to avoid manifest injustice, but that does not mean excusing a party from compliance with the rules or altering the management of the Court's docket to accommodate one party's workload.

Plaintiff has not demonstrated that he is entitled to relief under Rule 59(a)(1)(B) due to a miscarriage of justice. The motion to reconsider (D.E. 48) is DENIED.

ORDERED this 19th day of September, 2018.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE